**In re GARRETT TOOL & ENGINEERING, INC., Debtor.**

**G.E. Grogan, Trustee in Bankruptcy for Garrett Tool & Engineering, Inc., Plaintiff,**

v.

**Laland Investment, Gloria Freedland, and Hymen Freedland, Defendants.**

**No. 00–72106.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 4, 2002.

Stuart J. Rice, Bingham Farms, MI, for Garrett Tool & Engineering, Inc.

James E. DeLine, Michael J. Goecice, Detroit, MI, for Laland Investment, Gloria Freeland and Hymen Freeland.

## OPINION AND ORDER

O'MEARA, District Judge.

Before the court are Defendants' motion for summary judgment, filed August 13,

2001, and Plaintiff's cross-motion for summary judgment and motion to amend, both filed September 4, 2001, and motion to strike, filed November 14, 2001. This court heard oral argument on all four motions on December 19, 2001.

## BACKGROUND FACTS

Garrett Tool & Engineering, Inc., ("Garrett") is the debtor in this bankruptcy case, and G.E. Grogan is the trustee. While Garrett was still in business, it entered into two leases with the Defendant, Laland Investment ("Laland"), a partnership. Defendant Gloria Freedland was a partner in Laland, and her husband, Defendant Hyman Freedland, was apparently the secretary of Laland but not a partner.

The two leases were for real property in Livonia, Michigan and a piece of equipment, an 800-ton press. The payments for each lease were due on the first day of each month. The payment on the land was $25,188 a month and $7,500 a month on the press. Garrett did not pay in either January or July 1997. However, Garrett did pay the full amount for each month in every other month up through August 1997 (the bankruptcy occurred in October 1997). Grogan, in his capacity as trustee on behalf of Garrett, brought this suit against Laland and the Freedlands to recover the four payments made in June and August 1997 (one each month for land and one for equipment) under the preference rules of the Bankruptcy Code ("Code").

Defendants were the first to move for summary judgment. They argue that the payments cannot be avoided because they were payments made in the ordinary course of business and were contemporaneous exchanges for value, two exceptions to the rules for avoidance under the Code. Plaintiff answered with a summary judgment motion of their own and argued that the particular leases in this case make those two provisions inapplicable. Without any exceptions applying, they argue, they should be granted summary judgment.

Plaintiff also seeks leave to amend the complaint. This is because two of the payments sought to be avoided, the two June 1997 payments, were made more than 90 days prior to the bankruptcy petition and are therefore outside of the usual preference period. However, where payments are to "insiders," the preference period is one year. Plaintiff's complaint did not contain any allegations that Laland or either Freedland were insiders, and Grogan would now like permission to so amend. Further, Plaintiff also seeks to strike Defendants' response to his cross motion for summary judgment on the ground that it was untimely.

## STANDARD OF REVIEW

On the summary judgment motions, Fed.R.Civ.P. 56 applies. Under that rule, summary judgment may be granted if the pleadings and all supporting documentation show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1995). However, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view all the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the non-

movant's favor. *See Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

Once the moving party discharges its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. *See* Fed. R.Civ.P. 56(c); *Talley*, 61 F.3d at 1245. To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *See Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

### LAW AND ANALYSIS

### SUMMARY JUDGMENT MOTIONS

As set forth under the Code in 11 U.S.C. § 547(b)(4), a trustee may avoid payments by debtors made within 90 days of filing the bankruptcy petition (one year if payments to an insider). However, there are also exceptions to this rule, and trustees may not avoid all payments. 11 U.S.C. § 547(c)(1) protects payments intended as and in fact made as contemporaneous exchanges for new value (i.e., paying for something when you buy it). Sec. 547(c)(2) protects payments made in the usual course of business between debtor and transferee and made according to usual business terms. Laland argues that both of those two exceptions apply here.

■ Laland argues that it considered the rent paid each month to cover the rent due for *that* month, and that it simply waived the rent due for January and July 1997, which were never paid. It offers the declaration of Charles Lazette, the former president of Garrett and a partner in Laland, to corroborate this argument. Grogan asserts that this declaration is unreliable, but the court will accept it as a sworn declaration under 28 U.S.C. § 1746. The declaration states that it was the intent of the parties that the payments be applied to the current rent, and that Laland did in fact so apply the payments. Grogan does not disagree that they so intended, but states that there is no evidence of this supposed waiver prior to the bankruptcy petition.

■ As current rent payments, Laland argues, the payments were contemporaneous exchanges for value, since lease payment obligations arise only when they become due and are payable because of the lessee's current possession. *See In re Everlock Fastening Systems, Inc.*, 171 B.R. 251 (Bankr.E.D.Mich.1994). Though the payments were often made a few days after they were in fact due, they were made in the month in which they were due and were accepted a little late regularly. Laland cites *In re Coco*, 67 B.R. 365 (Bankr.S.D.N.Y.1986), for the proposition that rents paid a few days after the first of the month are still contemporaneous exchanges. Since the statute says that such payments need only be "substantially contemporaneous," this court will follow *In re Coco* on this point. Sec. 547(c)(1)(B). Laland further goes on to state that since the rent payments were all made within a few days of the first, they were also made in the ordinary course of business. It is true that the lease established the ordinary course between these two parties, and regularly paying rent under a lease is a prime example of what an ordinary course is. If Laland's recording-keeping of crediting all rent paid to the current rent due is upheld, then they would be entitled to summary judgment under either the ordinary course

or contemporaneous exchanges exceptions of 11 U.S.C. § 547(c).

Grogan argues, however, that the terms of the leases negate this supposed record-keeping by Laland. Paragraph 25.2 of the real property lease and Paragraph 20.2 of the equipment lease both provide that "No payment by Tenant [or Lessee] or receipt by Lessor of an lesser amount than the Monthly Installment of Rent shall be deemed to be other than on account of the earliest stipulated rent." This means, argues Grogan, that since Garrett did not make the January 1997 payment, when it did pay in February 1997, that payment automatically covered the January 1997 rent, and then the rent paid in March 1997 covered that due for February, on down through the months, until Garrett again did not pay in July 1997. So the money paid in August 1997 actually covered only the June 1997 rent. As such, the payments made in June and August 1997 could not be contemporaneous exchanges since each payment was going toward the rent arrearage, and thus the exception to the avoidance rules does not apply. It is agreed that only a writing signed by both Garrett and Laland could modify the lease, and that no such modification was ever signed.

Laland, however, argues that modification and waiver are different, and that it waived the rent for January and July. Under the same paragraphs of the leases cited above, Laland was allowed to waive a "term or condition" of the lease, but such a waiver did not constitute a waiver of that term in the future. Thus, it does appear that Laland had the power to waive, and its General Ledger (Exhibit 3) and the Lazette declaration do provide support for the contention that it actually did apply rent paid each month to the current month.

Grogan essentially argues that Laland is not allowed to waive by the specific provisions that lesser rent will be applied to a rent arrearage, but the court finds that waiver is allowed under the terms of the contracts. Further, Grogan argues that there is no evidence of the waiver prior to the Bankruptcy petition. But Grogan is misapplying the burden here: Laland has brought forth evidence of the waiver in support of its motion for summary judgment, and Grogan has not responded with any evidence that payments actually went toward accrued rent. Grogan only points to its legal contract interpretation and attempts to discredit Mr. Lazette. Under the standard for summary judgment, that does not constitute "specific facts showing a genuine triable issue." *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1995). Thus, the payments were contemporaneous exchanges for new value and entitled to exemption from the avoidance rules of the Code.

■ But even if the contemporaneous exchange exception does not apply, there is also the ordinary course of business exception to the avoidance rules. Grogan argues that the applied-toward-arrearage provisions also mean that the June and August 1997 payments were not in the ordinary course of business, just because they were late. That argument is unpersuasive. Paying rent due to a lessor, whether current or past due, is part of the ordinary course of business under any lease. As Laland points out, there were no unusual circumstances here, such as accelerating lease payments, that would make this situation seem to not be in the usual course. Thus, the payments also qualify as payments made in the ordinary course of business and are likewise entitled to exemption from avoidance.

Summary judgment should also be granted to Defendant Hyman Freedland

because he was not a partner in Laland, and so there is no basis for liability against him.

### MOTION TO AMEND

Even if Defendants were not entitled to summary judgment on the exceptions, Plaintiff could prevail only on the August 1997 payments. Under his current pleadings, Grogan needs to amend his complaint to allege that Gloria Freedland is an insider to be able to reach the June 1997 payments. As Laland argues, Grogan has been aware of the dates of the June 1997 payments all along. This motion to amend comes after the close of discovery and after Laland had moved for summary judgment and pointed out that the June payments were more than 90 days before the petition. Although amendments are liberally allowed under the Federal Rules of Civil Procedure, they should not be allowed if they will unduly delay or cause undue prejudice to the opposing party. *See Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir.1999). Here, Grogan has offered no reason for his delay in seeking the amendment, and an amendment so late in the case would create some prejudice for Laland. *See id.* Grogan should not be allowed to amend his complaint at this late stage in the case when he had the opportunity to do so earlier. Accordingly, the motion to amend is denied.

### MOTION TO STRIKE

Grogan also seeks to strike Laland's response to its cross-motion for summary judgment and motion to amend on the grounds that it was untimely. In light of the court's above rulings, this motion is denied as moot.

### ORDER

It is hereby **ORDERED** that Defendants' motion for summary judgment is **GRANTED** and that Plaintiff's cross-motion for summary judgment is **DENIED**. Further, Plaintiff's motion to amend is **DENIED**, and Plaintiff's motion to strike is **DENIED** as moot.