**In re LUXURY VENTURES, LLC d/b/a Henricks Jewelers, Debtor.**

**Gerald A. McHale, Jr., as Liquidating Trustee of the Luxury Ventures Liquidating Trust, Plaintiff**

**v.**

**Publix Super Markets, Inc., Defendant.**

Bankruptcy No. 9:07–bk–11224–ALP.

Adv. Pro. No. 9:09–ap–00201–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 1, 2010.

Angelina E. Lim, Michael C. Markham, Johnson Pope Bokor Ruppel & Burns LLP, Clearwater, FL, for Plaintiff.

Stephanie C. Lieb, Trenam, Kemker, Tampa, FL.

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES ONE AND TWO

(Doc. No. 18)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 11 case of Luxury Ventures, LLC, d/b/a Hendricks Jewelers (Debtor), is the Complaint filed by Gerald A. McHale, Jr., (McHale) as the Liquidating Trustee of the Debtor in the above-captioned adversary proceeding against Publix Super Markets, Inc. (Publix). McHale seeks to recover from Publix a transfer of interest of the Debtor's property to Publix made within ninety (90) days prior to the Debtor filing its Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. Specifically, McHale seeks to recover from Publix a single payment made by the Debtor on September 4, 2007, in the sum of $12,509.49. In his Complaint, McHale asserts that the transfer in the sum of $12,509.49 was made as an antecedent debt owed by the Debtor to Publix. McHale further asserts that such transfer was made while the Debtor was insolvent and such transfer enabled Publix to receive more than it would have received if this Debtor's case was filed pursuant to Chapter 7 of the Bankruptcy Code.

The precise matter under consideration is Defendant's Motion for Summary Judgment on Affirmative Defenses One and Two (Motion) (Doc. No. 18), filed by Publix on October 29, 2009. Publix contends that the payment in question was made in the ordinary course of business, and the transfer was made for contemporaneous consid-

eration and, therefore, McHale is not entitled to the recover the sum he seeks.

The relevant facts as appear from the record are indeed without dispute and can be summarized as follows:

On September 28, 2006, University Walk, LLC (University Walk) as landlord and the Debtor, as tenant, executed the University Walk Shopping Center Lease (Lease). Each party agreed to be bound by the terms set forth in the Lease. See Defendant's Exhibit A attached to the Motion. On July 25, 2007, University Walk and Publix entered into an Assignment and Assumption of Leases and Contracts and Warranties (Assignment). See Defendant's Exhibit B attached to the Motion. Pursuant to the Assignment, the Landlord assigned its interest in the Lease with the Debtor to Publix.

Pursuant to the terms of the Lease the Debtor paid the sum of $12,509.49 for its August 2007 base rent, common area maintenance, and real estate and state taxes. On August 30, 2007, Publix and the Debtor entered into a Termination of Lease Agreement (Termination Agreement) in which the parties agreed, *inter alia*, the Lease would be terminated as of 11:59 p.m. on September 30, 2007, and that the Debtor would continue to pay Publix the rent under the Lease when due, up to and including the termination date. See Defendant's Exhibit C attached to the Motion.

The Debtor issued check number 65491 in the sum of $12,509.49 which was deposited by Publix on September 4, 2007. The amount paid by the Debtor to Publix was pursuant to the terms of the Lease and the Termination Agreement. Thus, the Debtor's payment to Publix was attributed to the Debtor's September 2007 base rent, common area maintenance, and real estate and state taxes covering the Debtor's obligations under the lease. Furthermore, the amount paid pursuant to the Lease and Termination Agreement afforded the Debtor to have full use and access of the premises during the entire month of September, 2007. On October 1, 2007, the Debtor returned the keys to the premises to a representative of Publix in compliance with the Termination Agreement.

At the duly scheduled and noticed hearing on the Defendant's Motion for Summary Judgment on Affirmative Defenses One and Two, this Court heard extensive argument by counsel for the Defendant and also counsel for the Trustee, has considered the record and relevant case law, and now finds and concludes as follows:

Summary judgment should only be granted when the moving party proved that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The facts are material if they affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505. The moving party has a burden to prove the absence of a genuine issue of material facts. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (U.S.1970). After the movant has met its burden, the non-moving party must come forward with specific factual evidence establishing the existence of a material factual dispute. *Gargiulo v. G.M.Sales, Inc.*, 131 F.3d 995, 999 (11th Cir.1997). "The evidence presented by a non-moving party cannot consist of conclusory allegations or legal conclusions" but instead must present specific facts showing that there is a genuine issue for

trial. *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991); Fed.R.Civ.Pro. 56(e). A court must view the evidence in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (U.S. 1970). If a court finds that there is a genuine issue as to ultimate facts, it is improper for the court to grant a motion for summary judgment. Fed.R.Civ.P. 56(c).

When applying the principles which govern a factual allegation needed to establish a punitive damage award, it should be noted that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." *Imaging Bus. Machines, LLC. v. BancTec, Inc.,* 459 F.3d 1186, 1189 (11th Cir.2006) (citing Fed. R.Civ.P. 56(c)).

 It is Publix's contention, as noted above, that the payment was made pursuant to the Lease which was still in full force and in effect until it was terminated. Therefore, relying on authorities cited, Publix contends that the payment was made in the ordinary course of business by a tenant to the landlord citing the case of *In re Garrett Tool & Engineering, Inc.,* 273 B.R. 123 (E.D.Mich.2002). The Court in *Garrett* held that rent payments qualified as a contemporaneous exchange for value and it was made in the ordinary course of business and, therefore, could not be avoided by the trustee.

In opposition the Trustee contends that the payment was made pursuant to the Termination Agreement and not pursuant to the Lease and, therefore, the payment was not a payment made in the ordinary course and was not accompanied by consideration. Therefore, the Trustee contends that the Defendant's Motion is not well taken and should be denied.

Pursuant to Section 547(c)(2) of the Bankruptcy Code a trustee may not avoid a transfer:

(2) to the extend that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—

(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

This Court is satisfied that the September 2007 payment was made in the ordinary course of business between the Debtor and the landlord and rejects the proposition urged by Trustee. Additionally, this Court is satisfied that the September 2007 payment was made for current rent which this Court has determined was accompanied by consideration. Based on the foregoing, this Court is satisfied that the Defendant has established an affirmative defense pursuant to Section 547(c)(1) and (2) of the Bankruptcy Code and entitled to Summary Judgment as a matter of law.

Accordingly, the Defendant's Motion for Summary Judgment on Affirmative Defenses One and Two filed by Publix is granted and a separate final judgment shall be entered in accordance with the foregoing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED Defendant's Motion for Summary Judgment on Affirmative Defenses One and Two (Doc. No. 18) be, and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DE-CREED that a separate final judgment shall be entered in accordance with the foregoing.